## Case No. 15,289.

UNITED STATES v. HAMILTON.

[11 Chi. Leg. News, 336; 8 Reporter, 166;[1] 25 Int. Rev. Rec. 217.]

Circuit Court, D. Oregon. June 5, 1879.

FORFEITURE — PENALTY — AMOUNT OF — VALUE OF VESSEL.

1. A forfeiture of a vessel or its value under section 4143 of the Revised Statutes does not vest either in the government absolutely, but only from the time it elects which to take.

2. The penalty given by said section 4143 is equal in amount to the value of the vessel at the time of the commission of the illegal act which causes the forfeiture; and the amount of such penalty is not affected by any subsequent change in the value of said vessel, or its loss or destruction.

In admiralty.

Rufus Mallory, for plaintiff.
John W. Whalley, for defendant.

2 [From 22 Int. Rev. Rec. 106.]
1 [8 Reporter, 166, contains only a partial report.]

DEADY, District Judge. This action is brought to enforce an alleged forfeiture to the plaintiff of the value of the schooner Kate L. Heron under section 4143 of the Revised Statutes.

The complaint alleges that on January 17, 1878, the defendant made application to the collector of the district of Wallamet for the enrollment and license of said schooner in the coasting trade, and that in order to procure the same he then and there took and subscribed an oath, which contained, among others, the statement that the defendant was "the true and sole owner" thereof, and that no subject of any foreign power was "directly or indirectly by way of trust, confidence or otherwise interested therein, or in the profits or issues thereof;" whereas, in truth and in fact said defendant was not the sole owner of said schooner, but only of the one-half thereof, and the other half was owned by one Alexander McKenzie, a subject of Great Britain; that at the time of taking said false oath said schooner, .her tackle, apparel and furniture were of the value of the $1,700, wherefore, and by force of the statute in such cases made and provided the "defendant became and was and is indebted to the plaintiff in said sum of $1,700." The defendant demurs to the complaint, because it does not allege the value of the vessel at the commencement of the action, instead of the date of the oath.

The statute under which the forfeiture is claimed provides that: "If any of the matters of fact alleged in the oath taken by an owner to obtain the registry of any vessel, which, within the knowledge of the party so swearing are not true, there shall be a forfeiture of the vessel together with the tackle, apparel and furniture, in respect to which the oath shall have been made or of the value thereof, to be recovered, with the costs of suit, of the person by whom the oath was made;" and by section 4312 of the Revised Statutes it is provided that the regulations concerning the registering of vessels shall apply to the enrollment thereof.

In U. S. v. Grundy, 3 Cranch [7 U. S.] 338, it was held that under section 4 of the act of December 31, 1792 (1 Stat. 289), said section 4143 of the Revised Statutes, being taken therefrom—there was not an absolute forfeiture of either the vessel or its value to the United States, but only a right to elect which of the two it will take; and that until such election is made it has no vested right in either. Upon the authority of this case, as well as upon the plain words of the statute, the value of this vessel was not forfeited to the United States until it elected to take it rather than the vessel by the commencement of this action on April 12, 1879.

But still the question arises, at what time is this value to be estimated—at the date of the illegal act which caused the forfeiture or the time when it was claimed—the commencement of the action therefor? The dis-

trict attorney contends that the defendant is liable for the value of the vessel at the date of the false statement, for the reason that any other construction of the statute might result in the United States obtaining neither the vessel nor her value. The vessel may be lost or purposely destroyed before the cause of forfeiture is discovered, and therefore could not be taken, while her then value for the same reason would be exactly nothing. Counsel for the defendant contends that the value of the vessel must be estimated at the time of the election to take the same, and that if the vessel is lost before the action for the value is commenced, the right to recover the value is gone also, because the only right which the statute gives the United States is the right to elect between the forfeiture of the vessel and her value, which right does not exist or cannot be exercised when either of them is no longer in esse.

This is a penal statute and therefore not to be construed so as to include "cases other than those which clearly appear to have been intended by the legislature, and are fairly included in the language used to express such intention," however much they may appear to be within the reason or what is called the equity of it: U. S. v. Mattock [Case No. 15,744]; U. S. v. Hartwell, 6 Wall. [73 U. S.] 391. The statute gives the United States the right to recover from the defendant a penalty equal to the value of the vessel concerning which he made the false statement. There is nothing in the language of section 4143 which limits the amount of this penalty to her value at any particular time. But the most reasonable conclusion is that it was intended the penalty should be equal to the value of the vessel at the time of the commission of the act for which it was imposed. If the value at the time the action is brought to recover the penalty must be the measure of its amount it is liable to vary with the market for shipping and the decrease or increase in value of the vessel from use or repairs. It can hardly be supposed that congress intended that this penalty might be increased 50 or 100 per centum, simply because the action to recover it was not brought until the vessel was so increased in value by repairs or additions or a rise in the market value of such property; and it is just as unreasonable to suppose that it was intended the penalty may be diminished by a decrease in the value of the vessel after the commission of the illegal act and before the election to sue for it.

The fact that neither the right to the vessel nor the penalty was vested in the United States, until it elected which to take, does not in my judgment affect this question. Of course, if it elects to take the vessel, it must take it as it finds it, however much depreciated in value; and if it is lost or destroyed before such election, its option in this respect is gone. But the forfeiture of the sum of money equal to the value of a vessel is

not the forfeiture of a specific thing but of a specific amount of money which is not liable to change or vary with the wear and tear or change in the value of the vessel. The amount of the penalty is measured and fixed by the value of the vessel at the time the statute gives the right to recover it—the moment of the commission of the illegal act. In effect this statute declared at the time of making this false statement—a penalty equal to the value of this vessel is forfeited to the United States, provided it elects to take it and sues for it within the time prescribed by law—that is, the then value and not the value at some future time when it might be more or less.

The demurrer is overruled.